## Bob Collins v. The State.

### No. 3103.   Decided January 11, 1905.

**1.—Local Option—Evidence—Internal Revenue License—Defendant as Witness.**

When the defendant takes the stand, he waives his constitutional right and can be forced to testify against himself about any matter germane to that to which he testified on direct examination.  There was no error in showing by defendant that he had internal revenue malt and liquor license.

**2.—Same—Leading Questions—Practice.**

Where the court directed defendant's counsel to so interrogate the witness as to have him testify what was said and done between defendant and the witness, there was no error in sustaining an objection to a question whether or not witness knew defendant did or did not sell H. any intoxicating liquor.

**3.—Same—Bill of Exceptions—Qualification by Judge.**

Where the bill is so qualified by the judge that it appears therefrom that the witness was permitted to testify to all that was said and done by and between witness H. and defendant while said H. was in defendant's place of business on the occasion to which the bill referred, it rendered harmless the objection that defendant had not been permitted to ask the witness and have him answer as to the conversation between said H. and defendant.

Appeal from the County Court of Grayson.  Tried below before Hon. G. P. Webb.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and twenty-five days confinement in the county jail.

The opinion states the case.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.—Heath's testimony is amply sufficient to sustain the conviction.  He testified that Heath and others would call for cider, but the liquor handed them over the bar by appellant was whisky and not cider.  That he paid for the same.  The other witnesses contradict him, but it was the jury's province to pass upon the credibility of the witnesses.  They evidently believed Heath and disbelieved the other witnesses.  The jury having settled this issue of fact, this court will not disturb their finding.

BROOKS, Judge.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $50 and twenty-five days confinement in the county jail.

Bill of exceptions number 1 complains of the action of the court requiring appellant to answer on cross-examination, over his objections, that at the time of the alleged sale, he had United States Internal Revenue liquor and malt license.  The objection being that it was compelling defendant to testify against himself; and that it was proving the contents of the Internal Revenue license by secondary evidence, when no effort had been made to procure the license.  When a defendant takes the stand, he waives his constitutional right, and can be forced to testify

against himself about any matter germane to that he testified on direct examination. Nor do we think it a valid objection to defendant answering the question, that it is not the best evidence. He certainly knew whether or not he had the license.

Bill number 2 shows that defendant propounded to witness, James Cordial, on direct examination, the following question: "Whether or not you know defendant did or did not sell John Heath, at the time you speak of being in defendant's place of business, any intoxicating liquor." To which interrogatory, witness would have answered, "I know he did not.' The State objected on the ground that it was the opinion of the witness, and was leading. This bill is qualified in this manner, "that when the objection was sustained, defendant's counsel was directed by the court to so interrogate the witness to get him to state what was said and done by and between defendant and the witness, John Heath, at the time." This was proper. There was no error in the ruling of the court.

Bill number 3 shows that defendant propounded on direct examination to the witness James Cordial, this question: "State whether or not during the time you speak of, John Heath being in defendant's place of business, there was any conversation between John Heath, yourself, and defendant in regard to defendant selling John Heath any whisky, and if so state all such conversation, what each said." The State objected on the ground that the question was immaterial, too general, irrelevant, self-serving, and called for the opinion of witness, and was leading. The witness would have answered, "John Heath asked myself and Vance to take a drink with him, and asked the defendant if he had anything stronger than 'teetotal,' to which defendant said he had no whisky, and if he had would not sell it to you nor give it to you (witness Heath)." The court sustained the objection. This bill is approved with the qualification, "That defendant was permitted to show by witness James Cordial, what was said and done by and between witness John Heath and defendant, while said Heath was in defendant's place of business on the occasion referred to in this bill." This qualification eliminates appellant's objections, and renders harmless the supposed erroneous ruling of the court. No error appearing in the record, the judgment is affirmed.

*Affirmed.*